UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| JAMES H. LANG, | : Case No. 1:25-cv-511 |
| Plaintiff, | : |
| vs. | : District Judge Susan J. Dlott |
| | : Magistrate Judge Peter B. Silvain |
| BROWN COUNTY DETENTION CENTER, | : |
| Defendant. | : |

**ORDER *and*
REPORT AND RECOMMENDATION[1]**

Plaintiff, a resident of Batavia, Ohio, and former prisoner at the Brown County Detention Center (hereinafter "Jail"), in Georgetown, Ohio,[2] brings this *pro se* action against the Defendant Jail for alleged violations of his civil rights while he was incarcerated there. (Doc. 1-1). Plaintiff has paid the $405 filing fee necessary to commence this action. Because Plaintiff has paid the filing fee, the Court has denied by separate Order his motion to proceed *in forma pauperis* (Doc. 1) as moot.

Although Plaintiff has paid the filing fee, the Court is required by statute to screen the complaint (Doc. 1-1) to determine if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or states a claim against a person who is immune from suit. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Although incarcerated at the time he filed this case, Plaintiff has filed a notice of change of address (Doc. 10) suggesting that he was released from the Jail. Searches of the Jail's website (https://brown.miamivalleyjails.org/) and of the Ohio Department of Rehabilitation and Correction's website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/SearchResults) do not indicate that Plaintiff is currently incarcerated.

cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007). *See also MaLean v. Hepp*, No. 22-cv-52, 2022 WL 889390, at *1 (E.D. Wis. Mar. 25, 2022) (screening procedures of Prison Litigation Reform Act apply to cases filed by people who were incarcerated at the time the case filed). This case is also before the Court on Plaintiff's motions to be transferred to another county (Doc. 5) and to compel discovery (Doc. 11).

I.  **SCREENING OF COMPLAINT**

    A.  **Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.   **The Complaint**

Plaintiff's complaint alleges that his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated while he was incarcerated at the

3

Jail. (Doc. 1-1, *PageID* 14-17). As a result of the alleged violations, he seeks monetary and injunctive relief. *Id*. at 17-18.

However, a review of the complaint reflects that Plaintiff names the Jail as the sole defendant in this case. The Jail is not a legal entity capable of being sued. *See Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam); *Howell v. Hamilton Cnty. Justice Ctr.*, No. 1:15-CV-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015). Plaintiff thus fails to state a claim upon which relief can be granted against the Jail and his complaint against the Jail must be dismissed.

Even if the Court were to liberally construe the complaint as being brought against Brown County itself, Plaintiff's allegations are insufficient to state a claim for relief. As our sister Court in the Northern District of Ohio has recently reiterated:

> Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 690, 694. A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691.
>
> To demonstrate that the county's policies caused constitutional harm, a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injur[ies] w[ere] incurred due to

execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted)).

*Teague v. Cty. of Mahoning*, No. 4:23-cv-1856, 2024 WL 310098, at *2–3 (N.D. Ohio Jan. 26, 2024).

Here, Plaintiff does not include sufficient facts to suggest that any of the alleged conditions of confinement were the result of a county custom or policy, as opposed to the decisions of unidentified, individual staff members within the Jail. Further, to the extent that Plaintiff alleges the possible taping of his conversations with counsel at the Jail (*see* Doc. 1-1, *PageID* 16), Plaintiff's allegations are based on mere speculation and, furthermore, do not contain *facts* establishing prejudice. *See Cox v. Burnette*, No. 1:18-cv-213, 2019 WL 3048341, at *4 (E.D. Tenn. July 11, 2019) ("This Court has determined that Plaintiff's allegations against Marion County Deputies are insufficient to rise above the level of speculation, and therefore, his claims against Marion County and Sheriff Burnette will be dismissed."); *see also Uraz v. Ingham Cty. Jail*, No. 1:19-cv-550, 2019 WL 4292394, at *9 (W.D. Mich. Sept. 11, 2019) ("Courts that have considered the issue regularly have concluded that phone limitations that restrict an inmate's right to call counsel do not result in a Sixth Amendment violation unless the inmate has no other reasonable means to contact the attorney and prejudice resulted.").

Accordingly, because the Jail is not a legal entity capable of being sued and Plaintiff's complaint is insufficient, as pled, to state a claim against Brown County, it is **RECOMMENDED** that Plaintiff's complaint (Doc. 1-1) be **DISMISSED**. However, given his *pro se* status, it is further **RECOMMENDED** that Plaintiff be granted leave to amend his complaint to rectify the above deficiencies. In his amended complaint, which must not exceed

5

twenty (20) pages in length, Plaintiff should set forth in clear, short and concise terms, the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim. As required by S.D. Ohio Local Rule 5.1, the amended complaint should be legible and double-spaced. Further, pursuant to Fed. R. Civ. P. 20(a)(2), the factual allegations and claims must arise out of the same transaction or occurrence. If Plaintiff wishes to seek relief based on unrelated claims he must do so in separate actions.

## II.    MOTIONS

### A.    Motion for Transfer

As set forth above, in addition to his complaint, Plaintiff filed a motion seeking transfer to a different jail. (Doc. 5). Because it appears that he is longer in custody at the Jail, his motion for transfer (Doc. 5) is **DENIED** as moot.

### B.    Motion for Discovery

Plaintiff has also filed a motion to compel discovery. (Doc. 11). Motions for discovery filed in conjunction with a complaint governed by the Prison Litigation Reform Act are premature where process has not yet been served. *See, e.g., McLaughlin v. Drain*, No. 3:22-cv-988, 2022 WL 17861427, at *4 (M.D. Tenn. Dec. 21, 2022).

Because Plaintiff's motion for discovery was filed prior to this Court's completion of its initial review, and in light of the recommendations set forth herein, no defendant has yet to be served with the complaint. Therefore, Plaintiff's motion for discovery is **DENIED** as premature.

### III. CONCLUSION

**IT IS THEREFORE RECOMMENDED THAT:**

The Court **DISMISS** Plaintiff's complaint against the Jail but **GRANT** Plaintiff leave to file, **within thirty (30) days** of any Order adopting this Report and Recommendation, an amended complaint that complies with the standards contained herein.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for a transfer to another jail (Doc. 5) is **DENIED** as moot; and

2. Plaintiff's motion for discovery (Doc. 11) is **DENIED** as premature.

January 30, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).